## Parker and Burch Licenses

*Charles J. Conturso* and *William B. Eagen,* for appellants.

*B. Barry McAndrews,* for appellee.

BECKERT, J., November 1, 1971.—The above-captioned cases are before the court on appeal as the result of each applicant having had his operator's license suspended for a period of six months. These suspensions were the result of their failure to submit to

a chemical breath test, as provided by the Act of July 31, 1968, (No. 237), sec. 1, 75 PS §624.1.

Each appellant was afforded a hearing de novo. Parker, however, agreed that his case could proceed by the filing of a written stipulation as to the facts. This stipulation has been filed and is part of the record of the case. Burch proceeded with a hearing and as a result thereof raises the questions of whether the officer had reasonable grounds to believe that he had been driving while under the influence of intoxicating liquor, and whether the officer advised this appellant that the refusal to submit to the test would result in the suspension of his operating privileges. We believe it suffices to say that we find that there is ample credible evidence presented to the effect that the arresting officer had reasonable grounds to believe that Burch was driving while under the influence of intoxicating beverages. In short, on this score, the appellant asks us to find his testimony credible and the testimony of the two police officers as unbelievable. Our finding of credibility is the reverse. We resolve credibility in favor of the Commonwealth witnesses and against the appellant.

On the second question, while not passing upon the duty of the police officer administering the test to advise the appellant of the consequences in the event of a refusal to submit, we do find that the appellant was so advised by two officers.

Turning to the Parker case, it is noted by the stipulation filed therein that only one question exists for resolution, that is, whether the failure of the arresting officer to advise the appellant of his right to have a physician of his own choice administer an additional breath test is sufficient grounds to sustain an appeal to the suspension when the appellant refused to take a breath test as requested by the arresting officer.

On this subject, the act provides, in section(g) thereof, as follows:

"The person tested shall be permitted to have a physician of his own choosing then and there administer a breath or blood chemical test in addition, and the results of such tests shall also be admissible in evidence."

The appellant's brief merely raises the question of the fundamental unfairness of the officer in not advising the appellant of the right to have a physician of his own choice present and to administer the additional test.

The appellant attempts to equate this appeal, although civil in nature, with a criminal action. We fail to see the similarity. We are, of course, dealing here with an "implied consent law" predicated upon the principle that the operation of a motor vehicle upon the highways is a privilege, not a right and, therefore, the legislature could prescribe conditions on which that privilege is exercised and invoke sanctions denying the privilege in order to prevent unsafe driving. Accordingly, our legislature enacted the present statute which puts a *choice* to a motorist who is believed to be operating his vehicle while under the influence of intoxicating liquor. The statute does not oblige or compel one situate in the appellant's shoes to submit to a breath test and, therefore, to incriminate himself in the eyes of the Secretary of Transportation. The licensee (appellant) is expressly given the right and option of refusal, and if he submits to the test, all of the constitutional safeguards are operative in his favor and for his protection at the subsequent criminal trial.

Specifically turning to the question at hand, the language of the statute is clear and there is nothing

therein contained requiring the police officer to go any further than to request the motorist to submit to the test. While it may be the better practice for the officer to inform the motorist of this right, we cannot interpret the statute as placing such a burden upon the officer to do so, or in holding that the failure to so advise would be grounds for the reversal of the secretary's suspension of the motorist's operating privileges.

In the case before us, the appellant, Parker, had already refused to take any test as provided under the above-mentioned act. Section (g) thereof requires that the person already *tested* has an opportunity for an *additional test,* not a test in lieu of the one provided by the police or other qualified personnel. An additional test presumes that a test has already been given. Here, the appellant refused the initial test; thus, the question as to an additional test did not confront the appellant or the officer.

Section 624.1(a) provides that the test shall not be given if a refusal is indicated. This clearly was the case here. The test was refused and the officer was not required to proceed any further pursuant to that section. Therefore, in accordance with the above we enter the following

## ORDER

And now, November 1, 1971, it is ordered that the within appeals be overruled and dismissed. The orders of the Secretary of Transportation, suspending the operators' licenses of the appellant Gregory Burch and the appellant Robert H. Parker, Jr., each for a period of six months, be and are hereby reinstated and the supersedeas heretofore granted in each appeal be set aside.